WILLIAM HENRY JONES V. THE STATE

No. 17217. Delivered February 27, 1935.
Rehearing Denied April 10, 1935.

The opinion states the case.

*Jackson & Street,* of Denton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder with malice aforethought, and his punishment was assessed at confinement in the state penitentiary for a term of 20 years.

It appears from the record that the appellant, the deceased, and a number of other negroes went to what is known as the old Masonic building located in the city of Denton, and there engaged in a game of dice; that during the progress of the game a dispute arose between appellant and deceased over a bet. The appellant claimed that he won the deceased's money, which the deceased disputed, grabbed the money from the table and dared the appellant to take it away from him. After some words had passed between them, the appellant left the room but in a short time returned with a pistol and began shooting at the deceased inflicting upon him several wounds which proved fatal.

By bills of exception Nos. 2, 4, and 5 appellant complains of the action of the trial court in permitting the district attorney to introduce what purported to be a voluntary confession of the appellant, because the appellant was under arrest at the time, that it was not voluntary, that the statutory warning was not given, and that the statement or confession showed to be in three separate and distinct statements instead of one. The court qualified said bill and in his qualification certifies that the defendant was properly warned before he made the statement, which was reduced to writing and signed by him; that after he had signed the same he made a supplemental statement which he signed, and then made another supplemental statement and signed same, all of which were reduced to writing on one sheet of paper and was done at the same sitting and within the space of a few minutes. The bill as thus qualified fails to reflect any error.

By bill of exception No. 3 the appellant complains of the following argument of the assistant district attorney: to-wit: "There is no element in this case that the defendant's mind was rendered incapable of cool reflection and there is no issue of murder without malice in this case." It appears to us that this argument was justified by the testimony adduced at the trial.

By bill of exception No. 6 the appellant complains of certain argument of the district attorney which we think was fully justified by the testimony and which seems to have been made in reply to the argument of the attorney for the appellant. Hence it fails to show reversible error.

Bill of exception No. 7 reflects the following occurrence: After the county attorney had told the jury that the confession of appellant was voluntarily made and that he had been properly warned, he made the following statement to the jury in his argument: "If these statements were not true, why didn't you put some evidence on the stand and let the jury know about them?" The appellant objected to this argument of the county attorney because he contended that it was a direct reference to his failure to testify in his own behalf. It appears from the bill of exception that the distinguished counsel for the defendant dwelt at considerable length on the possibility that defendant, being a negro, was at a disadvantage when said purported confession was made since he was without counsel at the time and was in the office of the prosecuting attorney and in the presence of the officers, and the jury knew from common observation and experience that a lawyer might ask questions in a way that the negro would answer "yes" or "no," and when the question and answer were reduced to writing in narrative form it would look worse than it sounded when he was answering the question. However, the bill of exception fails to show that no other persons were present when the confession was made. In fact, it appears from the bill of exception that other officers besides the county attorney were present when the confession was made. Hence the statement by the prosecuting attorney in his closing argument was not, we think, under the circumstances, a reference to appellant's failure to testify. If the appellant was not properly warned, or if the statement was obtained by duress, etc., the other officers who were present would most likely have known it, and appellant was not precluded from having them testify in the case. We therefore overrule appellant's contention.

Believing that no reversible error was committed in the trial of the case, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In bill of exception No. 8 appellant claims that he offered to prove that at the time of his death the deceased was under indictment in the District Court

of Grayson County for the offense of robbery with firearms. The evidence was rejected as immaterial. As we understand the record, the indictment was against Claud Bell; that the witness Roscoe Goodall would have testified that the deceased was known under the name of Claud Bell; that the deceased had told the witness Goodall that he had gotten into some trouble in Grayson County and had been indicted under the name of Claud Bell for the offense of hi-jacking. The record is void of any evidence that appellant was aware of the claimed indictment. That there was such an indictment was supported by hearsay alone.

Appellant introduced evidence to the effect that the deceased was a man whose reputation for peace and quietude was bad.

Appellant did not testify, but his written confession was introduced by the State. It appears from the confession that appellant, deceased and other negroes were "shooting craps." From the confession we quote: "I made a bet with Bub Popanough and won the money. The money was lying on the table. Although I had won it, Bub Popanough picked it up. I told him to give it to me and he said that he was not going to pay it. I asked him a second time and he said that he would die and go to hell first. When he said that he put his hand in his pocket. When he did that I shot him. I shot him three times with a .32 caliber pistol. It was a Colt pistol. * * * I had the pistol in my right-hand front pocket when we were shooting craps there and took it out of that pocket when I shot Bub Popanough. * * * I shot him because he got my money. He had got my money once before already today."

The admissibility of the testimony stated above is open to serious question for the reason that it was entirely hearsay. There had been no conviction or trial of the deceased. Assuming that such testimony might under some circumstances be admissible, we are impressed with the view that in the present record the appellant did not know of the indictment of the deceased at the time of the homicide. The evidence was not admissible. If we understand the record, the deceased exhibited no weapon and made no threat or demonstration to assault the appellant other than to put his hand in or near his pocket or watch pocket.

In support of his bill of exception No. 8, appellant refers to the following cases: Pollard v. State, 125 S. W., 390; Cole v. State, 88 S. W., 341; Dodson v. State, 70 S. W., 969; West v. State, 18 Texas App., 640; Creswell v. State, 14 Texas App., 1; Poer v. State, 67 S. W., 500.

340

In Poer's case, supra, touching the exclusion of evidence of prior assaults, the following remarks were made: "Usually testimony of this character would have but little bearing upon the case. * * * But, under the facts detailed in the testimony, the prior assaults, being known to defendant, would seem to have been entered into and tend to solve this difficulty."

The judgment was reversed with one of the judges dissenting.

The case of Cole v. State, supra, was reversed upon several grounds. Its applicability to the present appeal, if any, is quite remote.

The Dodson case, supra, was one in which the accused relied entirely upon self-defense. The court sanctioned the introduction of evidence to the effect that the accused had learned that the deceased had previously served a term in the state penitentiary.

The Pollard case, supra, is voluminous but it really sheds no light upon the matter involved in the present instance.

The Creswell case, supra, is to the effect that the general reputation of the deceased is admissible only when it is shown at the time of the homicide that he did some act indicating a purpose to take the life of the defendant or do him some serious bodily injury.

The West case, supra, merely goes to the point that proof of the dangerous character of the deceased is ordinarily available when the circumstances raise the issue of self-defense.

In the instant case, the court charged the jury on the law of self-defense.

We entertain and express the opinion that in the light of the record, bill of exception No. 8 shows no error.

Touching the other matters contained in the motion for rehearing, we reaffirm our conclusion stated in the original opinion.

The motion for rehearing is overruled.

*Overruled.*